**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4035

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVON ROARY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Senior District Judge.  (3:22-cr-00178-FDW-DSC-1)

Submitted:  November 19, 2024                    Decided:  January 8, 2025

Before AGEE and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Matthew C. Joseph, LAW OFFICE OF MATTHEW C. JOSEPH PLLC, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travon Roary pleaded guilty pursuant to a plea agreement to Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and Hobbs Act robbery and aiding and abetting such robbery, in violation of 18 U.S.C. §§ 1951, 2. The district court sentenced Roary to concurrent terms of 120 months' imprisonment and three years' supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Although advised of his right to do so, Roary has not filed a supplemental pro se brief. The Government has declined to file a response brief.

Because Roary did not move in the district court to withdraw his guilty plea, we review the validity of his plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). Our review of the plea colloquy confirms that the magistrate judge substantially complied with Fed. R. Crim. P 11 and the district court properly concluded that Roary's plea was knowing, voluntary, and supported by a sufficient factual basis. Discerning no plain error, we conclude that Roary's guilty plea is valid.

As for Roary's sentence, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id*. at 51. In determining procedural reasonableness, this Court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the § 3553(a) factors, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51. If a sentence is free

2

of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id*. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*. We conclude that the sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Roary, in writing, of the right to petition the Supreme Court of the United States for further review. If Roary requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roary. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*